JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6551 / Fax: (702) 388-6418
tony.lopez@usdoj.gov

AMANDA N. LISKAMM
Director
DANIEL ZYTNICK
Senior Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
PO Box 386
Washington, DC 20044
Tel: (202) 598-8337
Daniel.E.Zytnick@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:24-cr-00020-APG-DJA |
| Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| v. | |
| POUPAK JANNISSAR, | |
| Defendant. | |

The United States, by and through its counsel of record, and defendant Poupak Jannissar, by and through their undersigned counsel (collectively, hereinafter "the parties"), respectfully move for entry of a Protective Order governing discovery provided to the defendant in this matter in accord with the following Stipulation.

# STIPULATION

Whereas, the parties recognize that various federal and state laws and regulations extend protections and limitations regarding the use, disclosure or publication of information associated with the privacy and identity of an individual, including, but not limited to, social security number, date of birth, address, telephone number, driver's license number, financial information, banking information, and tax information, which is hereinafter collectively referred to as "Protected Personal Information" ("PPI").

Whereas, the parties recognize that discovery in the above-captioned case is likely to be voluminous and may include documents and other evidence containing PPI or that are otherwise sensitive.

Whereas, the parties desire to provide for the timely and expeditious exchange of discovery while simultaneously guarding against the inappropriate use, disclosure, or publication of any PPI associated with any party or third party or any other sensitive information.

Whereas, in light of the above, the parties have conferred on this matter and have reached agreement on the exchange and handling of materials provided in discovery.

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties, as follows:

1. All materials provided as discovery by the government, including, but not limited to, emails and attachments, bank records, recordings, investigators' or agency reports, witness statements, memoranda of interviews, computer hard drives and other electronic media, and any other documents provided by the government other than trial exhibits (*i.e.*, items actually admitted during the trial and made part of the record), in

preparation for or in connection with any stage of the proceedings in this case, including pre-indictment, shall be referred to as "Discovery Materials."

2. The government may produce Discovery Materials to the defendant without redacting PPI.

3. Unless otherwise authorized by the Court, access to Discovery Materials produced by the government will be restricted to the defendant, attorneys for the defendant, and any agents, contractors, or employees acting on behalf of the defendant and/or his attorneys in connection with the above-captioned matter (hereinafter referred to collectively as "Authorized Person(s)").

4. Attorneys for the defendant will ensure that all Authorized Persons receive a copy of this Stipulation and are familiar with its terms and conditions.

5. Authorized Persons may show Discovery Materials to witnesses and to any individuals that are part of a joint defense agreement related to this case, but the Authorized Persons must retain the Discovery Materials.

6. Except when carrying out duties or when acting on behalf of the defendant and/or his attorneys in connection with the above-captioned matter, an Authorized Person shall not, without leave of Court:

   a. grant or permit access to Discovery Materials by any non-Authorized Person.

   b. allow or permit any non-Authorized Person to read, review, or reproduce any Discovery Materials.

   c. distribute any Discovery Materials, by any means, to any non-Authorized Person.

      d.    use or disclose Discovery Materials for any purpose other than in connection with the defense of the above-captioned matter.

      e.    use or disclose Discovery Materials in connection with any pleadings or proceedings in the above-captioned matter without first redacting any PPI, unless the PPI is directly relevant to the matter at issue.

      f.    use or disclose PPI in connection with any pleadings or proceedings in the above-captioned matter unless the PPI is directly relevant to the matter at issue.

7. An Authorized Person shall not, without leave of Court, permit any non-Authorized Person to retain any copies of Discovery Materials. Unless otherwise authorized by the Court, upon conclusion of the above-captioned matter, the defendant's attorney shall return any and all copies of Discovery Materials to the attorneys for the United States, or provide them with written certification that the Discovery Materials have been destroyed.

8. Nothing in the agreement shall be deemed an admission of the evidentiary admissibility or inadmissibility of any of the Discovery Materials in any subsequent proceeding.

///
///
///
///
///
///
///

WHEREFORE, the undersigned respectfully request that the Court accept and enter this Stipulation as the Protective Order governing discovery in this case.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

<u>/s/ Daniel Zytnick</u>           March 13, 2024
DANIEL ZYTNICK                    Date
Senior Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
PO Box 386
Washington, DC  20044
(202) 598-8337
Fax: (202) 514-8742
Daniel.E.Zytnick@usdoj.gov


<u>/s/ Marissel Descalzo (with permission)</u>   March 13, 2024
Marissel Descalzo, Esq.
Mdescalzo@tachebronis.com
Counsel for Defendant Poupak Jannissar


**IT IS SO ORDERED**

_____
HON. DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE


DATED: ___3/14/2024_____

5